## Philadelphia Piers, Inc., et al. v. McCaughn, Appellant.

Argued October 4, 1937
Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*G. Coe Farrier*, with him *Herman N. Schwartz*, Assistant City Solicitors, and *Joseph Sharfsin*, City Solicitor, for appellant.

*Wm. A. Schnader*, with him *J. F. Shrader*, *H. Merle Mulloy, Charles Myers, Windsor F. Cousins* and *Francis R. Cross*, for appellees.

148

OPINION BY MR. JUSTICE MAXEY, January 24, 1938:

The facts giving rise to this litigation are sufficiently set forth in the decision, reported herewith, in *McNeely and Price Co. v. Philadelphia Piers, Inc.*, 329 Pa. 113, 196 A. 846. The appeal is from a decree of the court below granting a temporary injunction, restraining appellant, Director of Wharves, Docks and Ferries of the City of Philadelphia, from enforcing an order made by him holding inoperative top wharfage charges proposed to be levied by appellees on freight moving across their piers in foreign commerce, and from interfering in any way with appellees' collection of such charges. The basis of the decree was the determination by the court below that Section 14 of the Act of June 8, 1907, P. L. 488, under which appellant purported to act, was repealed by the Public Service Company Law of July 26, 1913, P. L. 1374, and hence that appellant had no authority over the wharfage charges in question.

In view of the conclusions reached in the above cited case, it follows that appellant was without authority to interfere in any manner with the collection of such rates, wharfage, under the circumstances presented by this record, being an instrumentality of interstate commerce and therefore subject to the exclusive regulation of the governmental agencies of the United States. In view of our decision in the companion case referred to, it is unnecessary to discuss the questions of law presented in this record.

The decree is affirmed, at the cost of appellant.